O’Neall J.
delivered the opinion of the Court.
The question raised by the first ground, is whether the schedule and assignment of Humphries, under the proof before the Circuit Court, ought to have been received ? The records of the same Court are by common law to be tried by inspection ; but this rule is not intended to give validity to every paper which may purport to be of the Court, in which it is offered.— The record in England is made up and enrolled, under, the seal of the Court and hence is a record; the object of inspection, is barely to enable the Court to see, that it is regular, and possessing such marks of authenticity as cannot be doubted.
I doubt very much whether the paper offered in evidence in this case, can be considered a record of the Court of Common Pleas ; if it is, it is by being a part of the proceeding, had under a judgment recovered in the Court, and in that case, it could only be evidence by adducing the whole record of the cause. Í should, however, say it was properly speaking a paper which remains of record in the clerk’s office, but is notin a technical sense, a record. In any point of view, however, it was necessary, before it could be received in evidence, that the Court should be satisfied by legal and competent evidence that it was the original. This could alone be done, either, by producing in Court the keeper of the records, and ascertaining from him on oath, that it was a paper of record in his office ; or, by his certificate to the same effect under the seal of the Court. For independent of this, there is nothing which could enable the Court to say that it *78 was a genuine paper. It possesses no intrinsic evidence, such as the seal of the Court, which would enable us to say, it is a record of the Common-pleas.— The memorandum of filing by the deputy clerk, and the order of discharge by the magistrate, are proved to be in their respective hand writings, but still, although this be true, it does not follow that the paper is of record in the clerk’s office. It ought to he there, but still it is found out of both his office, and possession ; and it may be that it is not an official paper, and if this is possible, it could not be received in evidence. The declarations of the clerk offered' tobe proved, that it was the original schedule of record in his office, were clearly incompetent. He can only be allowed to speak in one of two ways, either by certificate under the seal of his Court; or viva voce in open Court on oath. If this paper had been certified by the clerk, under the seal of his Court, to be the original schedule of record in his office, 1 think it might have been received. But without this, nothing short of being produced in open Court, by the keeper of the records, on oath, as the original, would have been sufficient. In 1 Stark, on Ev. 182, it is said “ the document must be always proved to be that which it purports to be, and for which it is offered, by some extrinsic proof, as in the case of records, terriers, &c. by shewing that it came from the legal custody or repository.” This legal custody or repository in the case before us, was the office of the Clerk of Laurens, and the fact that the paper came from it, was certainly not made out.
There is no inconvenience in requiring as rigid an application of the rule as that which I have stated,, for the act of 1721 P. L, 117, has made office copies as good evidence as the originals. Parties desiring to avail themselves of the evidence which is of record in the Court of another district, have only to furnish themselves with copies certified by the clerk under the seal of the Court, and no difficulty as to the admissibility of the evidence can arise. If we looked to the policy of preserving the records, or to the *79 inconvenience to which their keeper would be subjected by being required to produce the originals out of the district to which they belong, we should be little disposed to give any countenance to the practice of giving originals, instead of office copies, in evidence.
The remaining two grounds of the motions were fully considered and disposed of by the former opinion in this case, Perry v. Mays, 2 Bail. 354.
The verdict is now in conformity to that opinion.

The motion for anew trial is dismissed.

Johnson & Harper, J’s. concurred.